MICHAEL A. MCGILL, SBN 231613
mcgill@policeattorney.com
CAROLINA VERONICA CUTLER, SBN 263301
veronica@policeattorney.com
**LACKIE, DAMMEIER & MCGILL APC**
367 North Second Avenue
Upland, CA 91786
Telephone: (909) 985-4003
Facsimile: (909) 985-3299

Attorneys for Plaintiff:
JUAN GARCIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GARCIA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF CALEXICO, a municipality; VICTOR CARILLO, individually and in his capacity as City Manager of the City of Calexico; and DOES 1 THROUGH 10 INCLUSIVE;<br><br>　　　　Defendants. | Case No.: **'12CV0087 W   JMA**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. INVASION OF PRIVACY-<br>42 U.S.C. § 1983; U.S. Const. First, Third, Fourth, Ninth, and Fourteenth Amendments; Cal. Const. Art. I § I<br><br>**DEMAND FOR JURY TRIAL** |

## I.
## PREFATORY

1. This is a complaint for damages for violations of Plaintiff's constitutional right to be free from invasions of privacy under the First, Third, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution, and Article I, § I of the California Constitution. Plaintiff, a former police officer employed by the City of Calexico, was subjected to public humiliation and severe invasions of his right to privacy when the City sent a confidential personnel document, a notice of termination letter, to over 400 unauthorized individuals and entities, including news media whereby it was published and disseminated for public consumption. These actions constitute gross violations of clearly established constitutional and state statutory rights. As such, Plaintiff has brought suit under 42 U.S.C. § 1983 and California statute seeking damages for said actions.

## II.
## JURISDICTION AND VENUE

2. Plaintiff's action is authorized by 42 U.S.C. § 1983, which provides redress for the deprivation under color of state law of rights secured by the Constitution and the laws of the United States. Jurisdiction is conferred on this Court by 28 U.S.C. § 1343(3), providing for jurisdiction in this Court of suits authorized by 42 U.S.C. § 1983 to redress the deprivation under color of state law of any right, privilege, or immunity secured by the Constitution of the United States, and by 28 U.S.C. § 1343(4), providing for the protection of civil rights. This Court also has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367, as they form part of the same case or controversy. This Court has authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is proper in the Southern District of California in

that the wrongs alleged herein occurred within the City of Calexico, within the Southern District.

## III.

## PARTIES

3. Plaintiff JUAN GARCIA (hereinafter "Plaintiff" or "Garcia") was, at all relevant times unless otherwise mentioned herein, employed by the Calexico Police Department in the capacity as a police officer. At all times relevant to the allegations contained herein, Garcia has been a resident of County of Imperial. Plaintiff's home address is confidential under California Penal Code §§146e and 832.7, and Vehicle Code §1808.4(a)(11).

4. Defendant CITY OF CALEXICO (hereinafter referred to as "City") is a duly constituted municipal corporation operating under the laws of the State of California, wholly situated in the County of Imperial. Calexico Police Department (hereinafter referred to as "Department" and/or "Police Department") is an operating department of Defendant City. At all times relevant herein for all purposes connected with the management of employment relations matters within the Department and the City, the City delegated its final policy-making authority to City and/or Department employees'. The City adopted and ratified each of these individuals' decisions as alleged herein as its own policies, customs, practices or decisions, as if the same had been promulgated directly by the District and the Department.

5. Defendant VICTOR CARRILLO ("Carrillo") was at all times relevant, the City Manager of Calexico. In doing the things alleged herein, Carrillo acted under color of state law, and within the course and scope of his employment.

6. Defendant DOES 1 THROUGH 10 are not known or identified at this time. On information and belief, Plaintiff alleges that each DOE is in some manner responsible for the wrongs alleged herein, and that each such Defendant

COMPLAINT FOR DAMAGES

advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein. When the true names and capacities of said Defendants become known, Plaintiff will seek relief to amend this Complaint to show their true identities in place of their fictitious names as DOES 1 THROUGH 10.

7. Defendants, and each of them, were the agent, employees and servants of every other Defendant. Defendants acted in the course and scope of said agency, service and employment at all relevant times.

## IV.

## FACTS COMMON TO ALL COUNTS

8. Plaintiff hereby incorporates each and every preceding paragraph as though it were set forth in full.

9. On or about December 2, 2010, Defendants disseminated a confidential personnel document concerning Defendants' intent to terminate Plaintiff from employment as a police officer.

10. The confidential document was a "Notice of Termination" letter. The letter contained: several criminal allegations against Plaintiff which had allegedly occurred during off-duty hours, a recounting of Plaintiff's confidential meeting with his superiors regarding the allegations, and the City's purported reasons for terminating Plaintiff.

11. A copy of this letter containing Plaintiff's confidential and private information was deliberately sent via email to over 400 individuals, including, but not limited to, the following City departments: Calexico City Parks and Recreation, Calexico City Water Dept, Calexico City Financial and Planning, Calexico City Human Resources, Calexico City Police Department, and Calexico City Council Members.

12. In addition, Defendants *for a second time* deliberately sent a copy of the letter to an unauthorized recipient. The letter was sent to the Imperial Valley Press, a daily newspaper serving the Imperial Valley, on or about December 4, 2010.

13. The Imperial Valley Press thereafter published a story summarizing the contents of the letter, and also posted a link on its website to a scanned version of the copy sent to it by the City.

14. Based upon information and belief, Defendant Carrillo specifically directed his assistant, on both occasions, to send the confidential letter to these unauthorized persons and entities. The identity of Defendant Carrillo's assistant is not known at the present time, but efforts will be made to ascertain the individual's identity upon grant of discovery.

15. Based upon information and belief, Defendant Carrillo directed his assistant to send the letter because of personal spite and an intention to cause Plaintiff humiliation, emotional injury, injury to Plaintiff's standing in the community, and future economic hardship.

16. Plaintiff received the confidential letter only *after* these unauthorized recipients had received it, and after it was published by the Imperial Valley Press. Essentially, Plaintiff was one of the last persons to see his confidential personnel file.

17. Pursuant to the Government Claims Act, Cal. Gov. Code § 810 et seq., Plaintiff filed a Tort Claim with Defendant City on June 2, 2011. On July 12, 2011, Defendant City served Plaintiff with a "Notice of Rejection of Claim."

## V.

## COUNT ONE

### *42 U.S.C. §1983 - (Against All Defendants)*

18. Plaintiff hereby incorporates each and every preceding paragraph as though it were set forth in full.

19. Defendants' actions violated Plaintiff's constitutionally protected right against invasions of privacy.

20. Defendants' actions violated Plaintiff's constitutionally protected privacy interest in the disclosure of highly sensitive and intimate confidential information. Defendants' actions were unreasonable to the Plaintiff and the senses of ordinary persons. Defendants' conduct contravenes all boundaries of decency and standards of a civilized society.

21. The First, Third, Fourth, Ninth and Fourteenth Amendments to the United States Constitution carry an implicit "privacy" right, and consequently "zones of privacy" which emanate to individuals under certain circumstances. Plaintiff's expectation of privacy in his confidential personnel records was and is undoubtedly reasonable, in that such information is protected by substantial case law, statute, and common knowledge among peace officers. By disseminating and causing to be published a confidential personnel document, which contained sensitive and intimate personal information of no public concern, these Defendants invaded Plaintiff's constitutionally protected privacy interest in confidential information. Defendants lacked any legitimate interest in the disclosure.

22. The Defendants, in committing the acts complained of herein, acted pursuant to a policy, practice, and/or custom of the City. In addition, the individual Defendants, in committing the acts complained of herein, are official policy makers for the City in that their actions are not constrained by others and their actions represent actions by the municipality itself. At all times, the

COMPLAINT FOR DAMAGES

Defendants were aware of their acts and omissions, specifically their failure to comply with statutory and constitutional procedural and substantive requirements, and consequently the violations of law that derived thereof.

23. The Defendants acted despicably, with the intent to harm, oppress and deprive Plaintiff of his rights under the United States Constitution, and with a reckless and callous indifference to those rights. As such, Plaintiff is entitled to punitive damages against the individual defendants in an amount to be proven at trial. At all times herein, the constitutional rights as described herein were clearly established.

24. Plaintiff is entitled to an award of reasonable attorney fees as allowed by law, including, without limitation, under 42 U.S.C. §1988.

## COUNT TWO

### *Invasion of Privacy; Cal. Const. Art. I, § I – (Against All Defendants)*

25. Plaintiff hereby incorporates each and every preceding paragraph as though it were set forth in full.

26. In doing the things alleged to have been done, Defendants, all acting within the scope of their employment, violated Plaintiff's constitutional right to privacy, granted by the Constitution of the State of California, Article I, § I.

27. Plaintiff, at all times alleged in this Complaint, had a legally protected privacy interest in the contents of his confidential personnel file. Police officers' right to privacy in their confidential personnel files is codified by statute and well settled in case law. *See, e.g.,* Cal. Pen. Code § 832.7(a) ("Peace officer…personnel records…or information obtained from these records, are confidential…"); *Copley Press, Inc. v. Superior Court,* (2006) 39 Cal.4th 1272 (confidentiality of peace officer records extends to an administrative proceeding appealing disciplinary action); *Berkeley Police Assn. v. City of Berkeley,* (2008) 167 Cal.App.4th 385 (investigative findings by city police review commission found to be confidential

personnel records); *Davis v. City of Sacramento,* (1994) 24 Cal.App.4th 393 (records generated during a police officer's employment do not lose confidentiality after employment has ended); and *City of San Diego v. Superior Court,* (1981) 136 Cal.App.3d 236 (information contained within personnel records may also be considered confidential).

28. Plaintiff's expectation of privacy in his confidential personnel records was and is undoubtedly reasonable, in that such information is protected by substantial case law, statute, and common knowledge among peace officers. Plaintiff's privacy interest was severely violated when it was intentionally and knowingly exposed to multiple unauthorized individuals and entities and widely circulated throughout the community through newspaper publication. These disclosures were without prior authorization or any legal justification.

29. As a direct and proximate result of the intentional, extreme, and unlawful acts of Defendants acting within the scope of their employment, Plaintiff sustained serious and severe economic, emotional, and psychological harm, in a sum to be shown according to proof. Plaintiff has incurred great financial costs, and has suffered and continues to suffer in his capacity to find employment. He has suffered through the destruction of both his most cherished personal relationships and standing in his community, and undeniable embarrassment, humiliation, shame, depression and anguish.

# VI.
# PRAYER

**WHEREFORE**, Plaintiff prays:

1. For general, special, exemplary and punitive damages according to proof;
2. For costs of suit;

3. For attorneys fees under 42 U.S.C. §1988, and otherwise as permitted by law; and

4. For other appropriate relief.

DATED: January 9, 2012

Respectfully submitted,

LACKIE, DAMMEIER & MCGILL APC

_____
Michael McGill, Esq.
Carolina Veronica Cutler, Esq.
Attorney for Plaintiff,
JUAN GARCIA

# VII.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial under F.R. Civ. P., Rule 38 and C.D. Cal. Rule 3.4.10.1.

DATED: January 9, 2012

Respectfully submitted,

LACKIE, DAMMEIER & MCGILL APC

Michael McGill, Esq.
Carolina Veronica Cutler, Esq.
Attorney for Plaintiff,
JUAN GARCIA

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JUAN GARCIA

**DEFENDANTS**
CITY OF CALEXICO, a municipal corporation; and DOES 1 THROUGH 10, Inclusive

(b) County of Residence of First Listed Plaintiff: **IMPERIAL**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **IMPERIAL**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael A. McGill, Esq. SBN 231613

Attorneys (If Known)
'12CV0087 W   JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 1983
Brief description of cause:
Invasion of Privacy

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE: 01/10/2012
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**         Example:    U.S. Civil Statute: <u>47 USC 553</u>
                                                              Brief Description: <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.