**GIBBS & FUERST LLP**
600 B STREET, SUITE 2300
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 702-3505
FACSIMILE (619) 702-1547

Michael T. Gibbs, Bar No. 076519
Mgibbs@gibbsandfuerst.com
Steven A. Tisi, Bar No. 169006
Stisi@gibbsandfuerst.com

Attorney for Defendant CITY OF CALEXICO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GARCIA<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CALEXICO, a municipality; VICTOR CARILLO, individually and in his capacity as City Manager of the City of Calexico; and DOES 1-10, Inclusive,<br><br>Defendants. | No. '12CV0087 W JMA<br><br>**DEFENDANT CITY OF CALEXICO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. PRO. 12(c)**<br><br>**DATE: October 15, 2012**<br>**COURTROOM: 7**<br><br>**No Oral Argument Pursuant to Local Rule 7.1(d)(1)** |

Defendant CITY OF CALEXICO (hereinafter "City") submits the following Memorandum of Law in support of its Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c).

## I

## INTRODUCTION

On January 11, 2012, Plaintiff JUAN GARCIA (hereinafter referred to as "Garcia"), a former police officer employed by the City of Calexico, filed his complaint

for damages in the United States District Court, Southern District of California, and named the City and former City Manager Victor Carrillo, who has not yet been served in this case, as defendants. A true and correct copy of Garcia's complaint is filed concurrently herewith as Exhibit "1".

Garcia's complaint asserts causes of action against all defendants for invasion of privacy under: (1) 42 U.S.C. § 1983; and (2) Article 1, § 1 of the California Constitution. (Exhibit 1, ¶¶ 1 & 21). Specifically, Garcia alleges that the defendants "disseminat[ed] and caus[ed] to be published a confidential personnel document, which contained sensitive and intimate personal information of no public concern." (Exhibit 1, ¶ 21). The document which defendants purported to disseminate was a Notice of Termination letter containing "several criminal allegations against Plaintiff which had allegedly occurred during off-duty hours, a recounting of Plaintiff's confidential meeting with his superiors regarding the allegations, and the City's purported reasons for terminating Plaintiff." (Exhibit 1, ¶ 10). These minimal facts comprise the basis of Garcia's federal claims of invasion of privacy against the City.

## II

## LEGAL STANDARDS REGARDING FRCP RULE 12(c)

Federal Rule of Civil Procedure (hereinafter "FRCP") 12(c) provides that: "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." "A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of the opposing party's pleadings." *Wetlands Water Dist. v. Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992). Any

party may move for judgment on the pleadings after the pleadings are closed but within such time as to not delay trial.

The standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard applied to a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989). A motion for judgment on the pleadings should be granted if, accepting as true all material allegations contained in the non-moving party's pleadings, the moving party "'clearly establishes that no material issue of fact remains to be resolved and that he [or she] is entitled to judgment as a matter of law.'" *Doleman v. Meiji Mut. Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1969)); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1989).

Judgment on the pleadings is also proper when there is either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (in the context of a Rule 12(b)(6) motion). "To avoid a dismissal, a complaint must contain factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In addition, a Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 53 F.3d 1049, 1056-57 (9th Cir. 2001).

## III

## ARGUMENT

### A. GARCIA'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT A CLAIM FOR CONSTITUTIONAL VIOLATIONS

Garcia pleads that his right to privacy was violated by the City under the First, Third, Fourth, Ninth and Fourteenth Amendments. (Exhibit 1, ¶¶ 1 & 21). As discussed in greater detail below, Garcia's allegations that the City purportedly disseminated a Notice to Terminate letter to various third parties fails to support an invasion of privacy claim under any provisions of the United States Constitution.

1. First Amendment Claims

In order to state a claim for violation of his rights and privileges under the First Amendment, Garcia must show: (1) he engaged in speech or conduct protected under the First Amendment; (2) the defendant took action against the plaintiff; and (3) the plaintiff's protected speech or conduct or the chilling of the plaintiff's speech or conduct was a substantial motivating factor for the defendant's action. *See Sloman v. Taslock*, 21 F.3d 1463, 1469-70 (9th Cir. 1994) (articulating the general elements of a First Amendment claim); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1071 (9th Cir. 2004) (applying the elements articulated in *Sloman* as pleading requirements).

In the present case, Garcia has failed to plead any facts whatseover alleging that he engaged in speech or conduct protected under the First Amendment or that any of the City's actions were motivated by Garcia's protected speech or conduct or the chilling of the Plaintiff's speech or conduct. Therefore, any claim brought under § 1983 based upon the First Amendment must be dismissed.

/ / /

2. Third Amendment Claim

The Third Amendment provides that: "[n]o soldier shall, in time of peace be quartered in any house, without the consent of the owner, nor in time of war, but in a manner to be prescribed by law." While the Third Amendment was designed to assure a fundamental right of privacy, *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965), it is a provision rarely invoked in federal courts. *Engblom v. Carey*, 677 F.2d 957, 962 (2nd Cir. 1982). Clearly, the facts alleged in Garcia's Complaint do not give rise to any cause of action under this provision against the City.

3. Fourth Amendment Claim

The Fourth Amendment guarantees citizens the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." (See the Constitution of the United States, Amend. 4.) Garcia's complaint comprises 29 paragraphs, yet all of which are completely devoid of any facts alleging any kind of unlawful search or seizure on the part of the City depriving Garcia of his reasonable expectation of privacy. Thus, Garcia's cause of action under the Fourth Amendment must fail.

4. Ninth Amendment Claim

The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." In *United States v. Choate*, 576 F.2d 165, 181, (9th Cir. 1978), the Court noted that "the cases which recognize the right to privacy at least partially on Ninth Amendment grounds, have been described as neatly categorized into matters involving family and procreational activities." Rights under the Ninth Amendment are only those

"so basic and fundamental and so deep-rooted in our society" to be truly "essential rights," and which nevertheless, cannot find direct support elsewhere in the Constitution. *Griswold v. Connecticut*, 381 U.S. 479, 488-489 (1965).

In addition, the Ninth Amendment "'does not create substantive rights beyond those conferred by governing law.'" *See Martinez-Rivera v. Ramos*, 498 F.3d 3, 9 (1st Cir. 2007) (quoting *Vega-Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 182 (1st Cir. 1997)); *Onyiuke v. N.J. State Supreme Court*, 242 Fed. Appx. 794, 797 (3d Cir. 2007) (concluding that "the Ninth Amendment does not provide an independent basis for asserting a civil rights claim; rather a section 1983 claim must be premised on a specific constitutional guarantee.")

The minimal facts alleged in Garcia's Complaint do not involve family or procreational activities, nor do they provide any explanation of the particular substantive and unenumerated rights the City has allegedly violated. Thus, Garcia cannot successfully bring a claim for informational invasion of privacy under the Ninth Amendment.

5. <u>Fourteenth Amendment Claim</u>

The complaint further alleges that the City violated Garcia's rights under the Fourteenth Amendment. The due process clause of the Fifth Amendment, that "[n]o person shall…be deprived of life, liberty, or property, without due process of law…" is made applicable to the states through the Fourteenth Amendment, which states explicitly: "nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Yet again, Garcia fails to allege any facts of how he was deprived of his life,

liberty or property without due process of law. Furthermore, it is unclear if Garcia is alleging a claim for violation of procedural or substantive due process.

In alleging a claim for a violation of procedural due process, two basic elements must be pled: (1) deprivation of a protected interest, (2) by means of inadequate procedures. *Paratt v. Taylor,* 451 U.S. 527, 537 (1981). Substantive due process under the Fourteenth Amendment "forbids the government from depriving a person of life, liberty or property in such a way that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles,* 147 F.3d 867, 871 (9th Cir. 1998), quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987). As a threshold matter, then, when making a substantive due process claim, the plaintiff must show a "government deprivation of life, liberty, or property." *Id.* at 871.

As discussed below, Garcia cannot establish that the right to informational privacy is a "protected interest." In addition, because the complaint does not contain any facts wherein the City deprived him of his life, liberty or property, Garcia's claims fail under the Fourteenth Amendment.

**B. GARCIA'S COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO SUPPORT A CLAIM FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983**

42 U.S.C. § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1984). Traditionally, the requirements for relief under § 1983 have been articulated as: (1) violation of rights protected by the Constitution or created by federal statute, (2) proximately caused, (3) by conduct of a person, (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). As

previously discussed, based on the facts pled in his complaint, Garcia cannot successfully assert violations of his right to privacy under the First, Third, Fourth, Ninth or Fourteenth Amendment. In addition, Garcia cannot even establish that the right to informational privacy is clearly protected under the United States Constitution.

1. <u>There is No Explicit Right to Informational Privacy in the United States Constitution</u>

The Ninth Circuit Court has held that "[t]he existence and scope of a constitutional right to informational privacy is far from crystal clear." *O'Phelan v. Loy*, 2011 U.S. Dist. LEXIS 17384 (D. Haw., Dec. 23, 2010). While it appears that the Ninth Circuit recognizes a limited constitutional right of informational privacy, Courts have held that "the mere fact that the allegedly tortious conduct was performed by a state actor does not support its characterization as a constitutional wrong." *Davis v. Bucher*, 853 F.2d 718, 720 (9th Cir. 1988). Thus, Supreme Court and Ninth Circuit authority demonstrate that the constitutional right to informational privacy is murky, at best. *See NASA v. Nelson*, 131 S.Ct. 746 (2011).

In addition, in *Seaton v. Mayberg,* 610 F.3d 530, 539 (2010), the Court suggests that the right to information privacy is a narrow one, limited only to fundamental rights such as "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education." Moreover, in *Olivera v. Vizzusi*, 2011 U.S. Dist. LEXIS 38970 (E.D. Cal., March 31, 2011), the district court held that although "the Constitution protects an individual interest in avoiding disclosure of personal matters… the courts have construed this right narrowly, limiting it to those rights which are fundamental or implicit in the concept of ordered liberty."

Thus, case law strongly supports Garcia's inability to assert a violation of his federal constitutional right to informational privacy because the actions complained of against the City do not rise to the level of the personal privacy rights that are "fundamental" or "implicit in the concept of ordered liberty." *Id.* Even taken in the light most favorable to Garcia, the allegation that the City disseminated a Notice of Termination letter to various third-parties is far afield from the line of decisions providing a substantive due process right to personal privacy in the areas of marriage, procreation, contraception, family relationships, and child rearing and education.

2. Liability against the City under Monell

Garcia further attempts to assert liability against the City by pleading in his Complaint that defendants acted "pursuant to a policy, practice, and/or custom of the City." (Exhibit 1, ¶ 22). In *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978), the Supreme Court held that a municipality cannot be liable under § 1983 on a *respondeat superior* theory. Rather, liability only attaches where the municipality itself causes the constitutional violation through a "policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy." *Id.* at 694.

To establish an official policy or custom sufficient for liability, a plaintiff must prove the deprivation of a federally protected right by: (1) an employee acting under an expressly adopted official policy; (2) an employee acting pursuant to a longstanding practice or custom; (3) an employee acting as a "final policymaker"; or (4) an employing as a result of inadequate training due to the municipality's deliberate indifference to individual rights. *Delia v. City of Rialto*, 621 F.3d 1069, 1081-82 (9th Cir. 2010); *Webb v.*

*Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003); *Merritt v. County of L.A.*, 875 F.2d 765, 770 (9th Cir. 1989).

As discussed above, Garcia fails to establish that there was a clear, federally protected right with respect to the alleged dissemination of the Notice to Terminate letter. Moreover, he has utterly failed to establish the existence of any policy adopted and promulgated by the City, or failed to establish a permanent and well-settled practice constituting a custom that Victor Carrillo followed in allegedly releasing Garcia's Termination Letter. Instead, he relies on conclusory and unwarranted allegations in an attempt to manufacture liability against the City.

While Garcia may be embarrassed about the alleged disclosure of the Notice of Termination letter and the facts contained therein, the Constitution simply does not provide "a free-standing right not to have the world know bad things about you." *Nelson v. NASA,* 568 F.3d 1028, 1053 (9th Cir. 2009). Thus, Garcia's claims against the City under *Monell* and for invasion of privacy under 42 U.S.C. § 1983 should be dismissed.

**C. <u>GARCIA'S CLAIMS FOR PUNITIVE DAMAGES SHOULD BE DISMISSED</u>**

Garcia's complaint seeks an award of punitive damages by contending that the defendants "acted despicably, with the intent to harm, oppress and deprive Plaintiff of his rights under the United States Constitution, and with a reckless and callous indifference to those rights." (Exhibit 1, ¶ 23). However, it is well-settled that a municipality is "immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Therefore, Garcia's claims for punitive damages against the City should be dismissed.

/ / /

## IV.

## GARCIA'S STATE LAW CLAIMS

Should this Court grant the City's Motion for Judgment on the Pleadings, the City requests this Court dismiss Garcia's remaining state law claims. Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. s 1367(c)(3); *Notrica v. Board of Supervisors*, 925 F.2d 1211, 1213-14 (9th Cir. 1991). Plaintiff may properly pursue his California law claims arising out of both the termination of his employment and the alleged dissemination of the Notice of Termination letter in state court.

## V.

## CONCLUSION

The City respectfully requests that its motion for judgment on the pleadings be granted, without leave to amend, and Plaintiff's state law claims be dismissed for lack of supplemental jurisdiction.

DATED: August 20, 2012 GIBBS & FUERST

By: *s/Michael T. Gibbs*
MICHAEL T. GIBBS
STEVEN A. TISI
Attorneys for Defendant
CITY OF CALEXICO